1346; and

  (c) Multiple instances of wire fraud violations of 18 U.S.C. §§ 1343 and 1346.

132. Defendants' violations of the above federal laws and the effects thereof, detailed above, are continuing and will continue unless injunctive relief prohibiting Defendants' illegal acts constituting a pattern of racketeering activity is imposed by the Court.

## COUNT FIVE
### Tortious Interference with the Physician-Patient Relationship

133. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

134. The physicians detailed above owed their patients fiduciary obligations of trust, loyalty, confidentiality and due care, including a duty to provide educated and honest medical advice to patients regarding the medical safety and efficacy of Neurontin to treat off-label conditions.

135. Physicians breached their fiduciary duties by recommending and prescribing Neurontin to patients to treat conditions for which the drug was not proven to be safe and medically effective in exchange for compensation from Defendants. These patients relied on their physicians' medical advice with respect to treatment options, and because trust and openness are at the heart of the physician-patient relationship, patients have an interest in knowing, and physicians have a duty to reveal, whether any external financial incentives have influenced the physicians' medical advice.

136. Defendants knew prescribing physicians owed these fiduciary duties to their patients. Nonetheless, as detailed above, Defendants intentionally interfered with the physician-

patient relationship by providing substantial incentives and encouragement to physicians to relay inaccurate and unsubstantiated medical advice to their patients regarding the medical safety and efficacy of Neurontin to treat off-label conditions. Defendants knew that physicians were providing such inaccurate medical advice to patients in violation of the physicians' fiduciary obligations.

137.    Patients submitted Neurontin claims for payment to Plaintiff based on the tainted and inaccurate medical advice provided by physicians regarding the safety and efficacy of Neurontin to treat off-label uses; advice which was influenced, corrupted and essentially purchased by Defendants.

138.    Plaintiff suffered damage in that it paid claims for Neurontin which were the direct and proximate result of Defendants' tortious interference with the physician-patient privilege.

**139.**    Plaintiff is therefore entitled to restitution of its payments for Neurontin and an award of compensatory damages in an amount to be determined at trial.

## COUNT SIX
### Common Law Fraud

140.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

141.    Defendants have repeatedly made knowing misrepresentations and concealed facts to Plaintiff and others concerning the medical safety, efficacy and necessity of Neurontin for off-label uses.

142.    These representations were materially false in that Neurontin has no medical

42

necessity other than for its FDA-approved uses.

143. Plaintiff reasonably relied upon the veracity of Defendants' representations regarding the safety, efficacy and necessity of Neurontin for off-label uses.

144. Defendants knew that the scientifically unsupported studies, publications and representations were being relied upon by physicians, Plaintiff and others for the purpose of prescribing or paying claims for Neurontin to treat such off-label conditions for which the drug is not scientifically proven to be safe or medically efficacious.

145. Defendants also knew that the Neurontin claims concealing the off-label purposes for which they were being submitted were being relied upon by Plaintiff for the purpose of determining whether to pay for such claims in accordance with its policies.

146. Plaintiff suffered damage in the form of payments for Neurontin to cover off-label conditions for which Neurontin was not safe or medically efficacious.

147. Plaintiff is therefore entitled to restitution of its payments for Neurontin to treat off-label uses and an award of compensatory damages in an amount to be determined at trial.

## COUNT SEVEN
### Violations of the Consumer Protection Statutes of the 50 States

148. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

149. Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in knowing violation of any and all state consumer protection statutes when Defendants knowingly and intentionally misrepresented the medical safety, efficacy and necessity of Neurontin to treat non-FDA approved uses and caused physicians to submit claims

to Plaintiff misrepresenting or concealing the off-label uses for which Neurontin was being prescribed.

150. Defendants knew that the health insurance policies issued by Plaintiff covered Neurontin only for FDA-approved uses and only for medically necessary uses. Defendants' unfair or deceptive acts or practices were specifically designed to induce Plaintiff to pay for Neurontin for off-label and non-medically necessary uses.

151. Defendants have violated the consumer protection statutes of any and all of the fifty states as follows:

(a) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et seq.*;

(b) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.*;

(c) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

(d) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*;

(e) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

(f) Defendants have engaged in unfair competition or unfair or deceptive acts or practices or has made false representations in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*;

(g) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*;

(h) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*;

(i) Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. Code § 28-3901, *et seq.*;

(j) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(k) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. § 10-1-392, *et seq.*;

(l) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

(m) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

(n) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(o) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

(p) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.1b, *et seq.*;

(q) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

(r) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*;

(s) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*;

(t) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*;

(u) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

(v) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

(w) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*;

(x) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

(y) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.*;

(z) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(aa) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*;

(bb) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

(cc) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(dd) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

(ee) Defendants have engaged in unfair competition or unfair, unconscionable or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

(ff) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(gg) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349 *et seq.*;

(hh) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(ii) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

(jj) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

(kk) Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(ll) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*;

(mm) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

(nn) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*;

(oo) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

(pp) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

(qq) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*;

(rr) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

(ss) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-11-1, *et seq.*;

(tt) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

(uu) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

(vv) Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code. § 19.86.010, *et seq.*;

(ww) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

(xx) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.*; and

(yy) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

152. As a direct and proximate result of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiff has suffered actual economic damage by paying for Neurontin to treat conditions for which the drug is not FDA approved and is not medically necessary.

## COUNT EIGHT
### Restitution/Disgorgement for Unjust Enrichment

153. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

154. As the intended and expected result of their conscious wrongdoing as set forth in this Amended Complaint, Defendants have profited and benefitted from the payment of claims for Neurontin by Plaintiff to treat conditions for which the drug is not FDA-approved and is not medically necessary.

155. Defendants have voluntarily accepted and retained these profits and benefits, derived from Plaintiff with full knowledge and awareness that, as a result of Defendants' fraud and other conscious and intentional wrongdoing, Plaintiff paid for Neurontin when they otherwise would not have but for Defendants' improper actions.

156. By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of Plaintiff, who is entitled in equity to seek the disgorgement and restitution of Defendants' wrongful profits, revenues and benefits, to the extent, and in the amount deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

### IX. DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants in each claim for relief, jointly and severally, as follows:

49

(a) On Plaintiff's RICO claims, three times the damages Plaintiff has sustained as a result of Defendants' conduct, such amount to be determined at trial, plus Plaintiff's costs in this suit, including reasonable attorneys' fees;

(b) On Plaintiff's claims for tortious interference with the physician-patient relationship, common law fraud, damages in the amount of Plaintiff's payment for Neurontin to treat conditions for which the drug was not approved by the FDA and for which it was not medically necessary, such amounts to be determined at trial, plus Plaintiff's costs in this suit, including attorneys' fees;

(c) On Plaintiff's claims under the Consumer Protection Statutes of all fifty states, all measures of damages allowable under such statutes, such amount to be determined at trial, plus Plaintiff's costs in this suit, including reasonable attorneys' fees;

(d) On Plaintiff's claims for Unjust Enrichment, recovery in the amount of Plaintiff's payment for Neurontin to treat conditions for which the drug was not approved by the FDA and for which it was not medically necessary, such amounts to be determined at trial, plus Plaintiff's costs in this suit, including attorneys' fees;

(e) Awarding Plaintiff other appropriate equitable relief;

(f) Awarding Plaintiff its costs and expenses in this litigation, including reasonable attorneys' fees and expert fees; and

(g) Awarding Plaintiff such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: June 21, 2004

Respectfully submitted,

JOEL Z. EIGERMAN

*/s/ Joel Z. Eigerman*

Joel Z. Eigerman (Bar No. 152000)
50 Congress Street, Suite 200
Boston, MA 02109
Telephone: (617) 367-0014
Facsimile: (617) 523-5612

Linda P. Nussbaum
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

- and -

Michael D. Hausfeld
Marlene F. Gibbons
Justine J. Kaiser
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Mark D. Fischer
Mark Sandmann
RAWLINGS & ASSOCIATES, PLLC
325 W. Main Street
Louisville, KY 40202
Telephone: (502) 587-1279
Facsimile: (502) 584-8580

*Attorneys for Plaintiff*