UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) | |
| On behalf of themselves and all other similarly situated, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 04-10739-PBS |
| PFIZER INC. and PARKE-DAVIS, a division of Warner-Lambert Company, 235 East 42nd Street New York, New York 10017 | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ASSENTED-TO MOTION FOR ENLARGEMENT
OF TIME TO RESPOND TO COMPLAINTS**

Pfizer Inc., Warner-Lambert Company, and Parke-Davis, a Division of Warner-Lambert Company, defendants in this action or certain other Neurontin-related actions ("Defendants"), respectfully move, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, for an Order that Defendants need not answer, move, or otherwise respond to the complaints in this action, the actions that comprise In re Neurontin Marketing and Sales Practices Litigation, MDL Docket No. 1629, and any tag-along actions until a date established at or in connection with the upcoming case management conference.  The grounds for this motion are:

1.   As the Court is aware, the Judicial Panel on Multidistrict Litigation ("JPML") recently  transferred 23 actions involving the marketing and sale of the drug Neurontin to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

2.   The 23 cases join four similar actions that had been pending in this Court,

including this action.

3. It appears that more actions are to follow.

4. In each of the 27 actions (and the other actions that may end up here), Defendants obtained, typically with the consent of the Plaintiff or Plaintiffs, an enlargement of the period of time within which Defendants are required to respond to the complaint.

5. Some of the enlarged periods are about to expire.

6. Absent a further enlargement of time, Defendants will be forced to devote substantial resources to the preparation, service, and filing of responses to individual complaints.

7. In all likelihood, this would be wasted effort, for Plaintiffs should, and probably will, be required to file a consolidated complaint given the similarity of the complaints in the 27 actions. As the JPML found:

> [T]he actions in this litigation involve common questions of fact . . .. All actions are purported class actions involving allegations that common defendants have engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use.

(Transfer Order at 1-2.) In view of the similarity of the actions, consolidating the pleadings would streamline the proceedings and avoid an enormous waste of party and judicial resources.[1]

8. Further, if the time to respond were not enlarged and Defendants were to move to dismiss individual complaints, it would complicate the proceedings, moving some actions ahead of others, and would require the Court and the affected Plaintiffs to devote resources to motions that could be mooted by the Court's plan for the management of the litigation.

---

[1] Defendants would ask that the agenda for the upcoming conference include, among other matters, (1) the advisability of a consolidated complaint or consolidated complaints, (2) a schedule for the response(s) thereto, (3) the schedule and procedure for the handling of class certification issues, and (4) compliance with the Court's rule with respect to contact with the Court. (The request that the last item be included on the agenda is prompted by news that one of the lawyers for Plaintiffs wrote the Court directly and failed to serve a copy of the letter on defense counsel.)

9. Proposed liaison counsel for Plaintiffs, Thomas Sobol, has assented to an enlargement, through the upcoming status conference, of Defendants' time to respond. (Counsel for Defendants contacted all counsel of record in the JPML proceedings in writing to request an enlargement, and none of them responded.)

10. No party will be prejudiced by the requested enlargement.

WHEREFORE, Defendants respectfully request that the Court enter an Order that Defendants need not answer, move, or otherwise respond to the complaints in this action, the related actions, and any tag-along actions until the Court establishes a date for such at or in connection with the upcoming case management conference.

Dated: November 10, 2004

PFIZER INC., WARNER-LAMBERT COMPANY, and PARKE-DAVIS, a Division of Warner-Lambert Company,

By their attorneys,

s/David B. Chaffin
David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

Of Counsel:

James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

## CERTIFICATE OF CONSULTATION

     I certify that I conferred with proposed liaison counsel for Plaintiffs, Thomas Sobol, concerning this motion and that he assented to an enlargement, through the upcoming status conference, of Defendants' time to respond. I certify also that co-counsel for Defendants contacted all counsel of record in the JPML proceedings in writing to request an enlargement, and none of them responded.

                                           s/David B. Chaffin

354007.1109